UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL PHIFER, et al.,

    Plaintiffs,                                  Case No. 1:09-cv-927

v                                                     HON. JANET T. NEFF

MICHIGAN SPORTING GOODS
DISTRIBUTORS, Inc.,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiffs Cheryl Phifer, Willie Robinson, and Terence Banks, proceeding *pro se,* filed this employment action against Defendant Michigan Sporting Goods Distributors, Inc. The case was referred to the Magistrate Judge (Dkt 8). Defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment, arguing that Plaintiffs' claims are subject to mandatory arbitration and that the time period for conducting such arbitration has long since passed (Dkt 16). The Magistrate Judge issued a Report and Recommendation, recommending that this Court grant Defendant's motion and dismiss Plaintiff Phifer's and Plaintiff Robinson's claims with prejudice and without costs (Dkt 49).[1] The matter is presently before the Court on Plaintiffs' objections to the Report and Recommendation (Dkt 50), which were signed by both Plaintiff Phifer and Plaintiff Robinson. Defendant filed a brief in support of the Report and Recommendation (Dkt 51). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration

---

[1] Plaintiff Banks' claims were previously dismissed with prejudice (Dkts 37, 42).

1

of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiffs object to the Magistrate Judge's Report and Recommendation on four grounds. First, Plaintiffs argue that the arbitration agreement, submitted to employees within an employee manual, was procured by fraud.[2] To prove fraud in the inducement, a plaintiff must show that 1) the defendant made a material misrepresentation; 2) the representation was false; 3) when the defendant made the representation defendant knew that it was false or made it recklessly without knowledge as of its truth and as a positive assertion; 4) the defendant made the representation with the intent that it would be relied upon by plaintiff; 5) the plaintiff acted in reliance upon it; and 6) the plaintiff suffered damages. *See, e.g., Rex v. CSA-Credit Solutions of America, Inc.,* 507 F. Supp. 2d 788, 793 (W.D. Mich. 2007). In order to void an arbitration clause, the complaint must contain a well-founded claim of fraud in the inducement with respect to the arbitration clause itself, standing apart from the whole agreement that would provide grounds for the revocation of the agreement to arbitrate. *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1278 (6th Cir. 1990). As such, mere allegations of a fraudulent scheme are not sufficient to overcome the strong federal policy in favor of arbitration. *Id.* at 1280-81.

Plaintiffs argue that by requiring the signing of the "Associate Manual Acknowledgment Form" and acceptance of the employee handbook, Defendant was underhandedly procuring

---

[2]The Employee Manual was distributed with an "Associate Manual Acknowledgment Form" which stated, "[the employee] agree[s] to abide by all policies and covenants in the Manual, as amended, including without limitation the policies on . . . arbitration." Plaintiff Phifer signed this agreement on September 20, 2004 and again on February 9, 2005 (Ex. E to Def.'s Br. [Dkt 17]). Plaintiff Robinson signed this agreement on November 17, 2004 and again on February 9, 2005 (Ex. I to Def.'s Br. [Dkt 17]).

agreement to the arbitration contract contained therein. The remainder of Plaintiffs' objections to the Magistrate Judge's fraud-in-the-inducement analysis stem from this newly contended material misrepresentation. Plaintiffs' contention is without merit. There is not a material representation with respect to the employee manual. The agreement signed by both Plaintiffs on two occasions expressly states that the undersigned "agree[s] to abide by all policies and covenants in the Manual . . . including without limitation the policies on . . . arbitration." There was no misrepresentation, as the agreement signed expressly conveyed the existence of an arbitration agreement within the Manual. Thus, the Magistrate Judge determined, and the Court agrees, that Plaintiffs have not asserted facts that would plausibly support a claim of fraud in the inducement.[3]

In Plaintiffs' second objection, labeled "unconscionability," Plaintiffs do not dispute the Magistrate Judge's determination that the arbitration agreement is not unconscionable; rather, Plaintiffs contend that there is no written, signed, and binding Arbitration Contract Agreement.[4] This objection, too, is without merit. Plaintiffs signed the "Associate Manual Acknowledgment Agreement," which expressly stated the requirement to abide by all policies and covenants within the Manual, including an arbitration provision. An arbitration agreement is a form of a contract, and as such, whether it is unconscionable is a matter of state law. *Stutler v. T.K. Constructors, Inc.*, 448 F.3d 343, 345 (6th Cir. 2006); *see also Fazio v. Lehman Bros., Inc*, 340 F.3d 386, 394 (6th Cir.

---

[3] Plaintiffs did not attach to their Motions to Amend/Correct the Complaint (Dkts 27, 31) a proposed Amended Complaint as required by this Court's local rules. *See* W.D. Mich. LCivR 5.7(f) ("If the filing of an electronically submitted document requires leave of court, such as an amended complaint ..., the proposed document must be attached as an exhibit to the motion seeking leave to file."). The Court nonetheless has reviewed the proposed allegations in their motions and discerns no factual basis proposed therein that would support a claim of fraud in the inducement.

[4] Before a court can send a case to arbitration, it must first determine that a valid agreement to arbitrate exists. 9 U.S.C. § 2 (2010); *Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000).

2003) (citing *First Options v. Kaplan*, 514 U.S. 938, 944 (1995) (stating that, when deciding whether the parties agreed to arbitrate a matter, the courts should apply state-law principles that govern the formation of contracts)). Under Michigan law, an employer may provide a procedure by way of a written supplement to a previously issued employee manual. *Carlson v. Hutzel Corp.*, 455 N.W.2d 335, 339 (Mich. Ct. App. 1990). This procedure is part of the employment contract, after its effective date, by virtue of the fact that it is included in the employee manual. *Id.*

Even if the Manual itself does not create binding arbitration, which the Court determines it does, the arbitration agreement itself is still binding because Plaintiffs signed the "Associate Manual Acknowledgment Agreement" or receipt form, which included a specific provision for arbitration. *See Hicks v. EPI Printers, Inc.*, 702 N.W.2d 883, 889-90 (Mich. Ct. App. 2005). As such, the arbitration agreement within the employment manual, agreed to and signed by Plaintiffs, constitutes a binding Arbitration Contract Agreement, and is not unconscionable for the reasons stated in the Magistrate Judge's Report and Recommendation.

Third, Plaintiffs contend that the Arbitration Agreement is unenforceable pursuant to *Jackson v. Rent-a-Center*, ___ U.S. ___; 130 S. Ct. 2772 (2010). However, Plaintiffs' argument reveals no legal error by the Magistrate Judge in declining to apply *Jackson* to the case at bar. This objection therefore is denied for the reasons stated within the Magistrate Judge's Report and Recommendation.

Last, Plaintiffs object to the Magistrate Judge's recommendation to dismiss Plaintiff Robinson's claims, but Plaintiffs fail to make any valid arguments in support of this objection. Plaintiff Robinson's claims are, therefore, dismissed with prejudice for the reasons stated in the Magistrate Judge's Report and Recommendation.

4

Therefore:

**IT IS HEREBY ORDERED** that Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation (Dkt 50) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 49) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (Dkt 16) is GRANTED, and Plaintiff Phifer's and Plaintiff Robinson's claims are DISMISSED with prejudice and without costs.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Amend/Correct the Complaint (Dkts 27, 31) are DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Hold the Complaint in Abeyance (Dkts 39, 43) are DENIED as moot.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.


Date: September 9, 2010   /s/ Janet T. Neff
                          JANET T. NEFF
                          United States District Judge